OPINION
On July 10, 1965, appellant, James McLendon, and appellee, Barbara McLendon, were married. On November 26, 1996, appellant filed a complaint for divorce. A trial before a magistrate commenced on August 27, 1997. By decision filed October 24, 1997, the magistrate divided the parties' property and ordered appellant to pay appellee $750.00 a month in temporary spousal support. On November 7, 1997, appellant filed objections to this decision. By judgment entry filed November 20, 1997, the trial court overruled the objections finding the transcript was not timely filed.
On December 2, 1997, appellee filed a motion for contempt against appellant for failure to pay the temporary support order. A judgment entry of decree of divorce was filed on February 6, 1998. By decision filed February 24, 1998, the magistrate found appellant guilty of contempt for failing to pay appellee pursuant to the temporary support order. The magistrate sentenced appellant to thirty days in jail and imposed a $250.00 fine, all suspended on the condition appellant purge the contempt by paying $2,575.54 plus processing charges of $59.45 by 4:00 p.m. on February 27, 1998. By entry filed February 27, 1998, the trial court found appellant had purged the contempt and therefore suspended the sentence and fine.
On February 24, 1998 and March 26, 1998, respectively, appellant filed notices of appeal on the judgment entry decree of divorce and the finding of contempt. These matters are now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO CREDIT AS SEPARATE PROPERTY AN $82,000 INHERITANCE THE APPELLANT RECEIVED DURING THE COURSE OF THE MARRIAGE AND THEN INVESTED INTO A MARITAL ASSET, McLENDON MORTGAGE CO.
II
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DISMISSING THE APPELLANT'S OBJECTIONS FILED AGAINST THE MAGISTRATE'S DECISION OF OCTOBER 25, 1997, FOR FAILURE TO TIMELY FILE A TRANSCRIPT IN THIS MATTER.
III
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT STAYING THE CONTEMPT PROCEEDINGS AGAINST THE APPELLANT FOR NONPAYMENT OF SPOUSAL SUPPORT WHEN A NOTICE OF APPEAL HAD BEEN FILED, ALONG WITH A MOTION FOR STAY OF THE TRIAL COURT'S ORDERS.
IV
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO GIVE CREDIBLE WEIGHT TO THE TESTIMONY OF MIKE LYNCH, C.P.A., AS AN EXPERT WITNESS IN REFERENCE TO THIS TESTIMONY IN THE PRESENT CASE.
V
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY AWARDING THE APPELLEE AN EXCESSIVE AMOUNT OF SPOUSAL SUPPORT WHICH EXCEEDED THE AMOUNT OF THE APPELLEE'S EXPENSES COUPLED WITH HER POTENTIAL EARNING ABILITIES AND HER REFUSAL TO OBTAIN GAINFUL EMPLOYMENT.
VI
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DID NOT LIST AS PASSIVE INCOME THE INCREASE IN VALUE IN A MARITAL PROPERTY, TO WIT: McLENDON MORTGAGE COMPANY.
 II
We will address Assignment of Error II first as we find it to be dispositive of this appeal.
Appellant claims the trial court erred in dismissing his objections to the magistrate's decision for failure to timely file a transcript. We agree.
Civ.R. 53(E)(3)(b) states objections "to a finding of fact shall be supported by a transcript" or affidavit of evidence, but does not state when the transcript or affidavit is due:
 (b) Form of Objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to the fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Civ.R. 53(E)(3)(a) implies a ruling on the objections at least ten days after filing to allow the opposing party time to respond.
The Local Rules of the Muskingum County Court of Common Pleas do not provide for a deadline to file a transcript or affidavit. On November 7, 1997, appellant filed his objections and a request for transcript. Appellee filed her response on November 14, 1997. The trial court overruled appellant's objections without the setting of a hearing on November 20, 1997 stating the "[t]ranscript not timely filed."
Without a local rule or the setting of a hearing date wherein a deadline for the filing of a transcript or affidavit is imposed, we find it was an abuse of discretion for the trial court to overrule the objections sua sponte. A mere thirteen days had passed after the filing of objections and order for transcript. Given the length of the transcript (473 pages), it is not unreasonable to assume the preparation time would be in excess of thirteen days. We are guided in this determination by the fundamental tenet of judicial review in Ohio that courts should decide cases on their merits. DeHart v. Aetna Life Ins. Co.
(1982), 69 Ohio St.2d 189.
Assignment of Error II is granted.
 III
Appellant claims the trial court erred in not hearing his motion to modify spousal support with appellee's contempt motion and in not staying the contempt proceeding given an appeal to the divorce decree had been filed. We disagree.
It is generally accepted the scheduling of hearings and the control of the docket are within the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
Appellee's contempt motion was filed on December 2, 1997 and set by judgment entry filed December 11, 1997 for a hearing on December 24, 1997. Appellant's motion to modify spousal support was filed on January 27, 1998. We find no error in the trial court adhering to the original hearing schedule set over thirty days before the filing of appellant's motion.
On February 24, 1998 at 11:15 a.m., appellant filed a notice of appeal of the decree of divorce and a motion for stay. The hearing on appellee's contempt motion was held on the same date at 10:30 a.m. The magistrate filed its decision later in the day at 3:08 p.m. We find no abuse of discretion by the trial court in holding the hearing started prior to the filing of the notice of appeal and motion for stay.
Under Civ.R. 75(I), a trial court has continuing jurisdiction on orders not under appeal and may address continuing issues under a divorce decree. Lane v. Court of Common Pleas, Ross County
(December 20, 1984), Ross County App. No. 1130, unreported.
Assignment of Error III is denied.
 I, IV, V, VI
In light of our decision in Assignment of Error II, these assignments of error are moot.
The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby reversed.
By Farmer, P.J., Hoffman, J. and Reader, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio is reversed and remanded to said court for ruling on the objections with the filed transcript.